UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:03CV1033 (SRU) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 171 LINCOLN AVENUE, | : | |
| NEW LONDON, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | March 22, 2004 |
| | : | |
| [CLAIMANTS: ROBERT A. VENTURINI, | : | |
| JR., ESTATE OF EDWIN C. JACKSON, | : | |
| CITY OF NEW LONDON, LAWRENCE | : | |
| AND MEMORIAL HOSPITAL, AND | : | |
| STATE OF CONNECTICUT] | : | |

STATUS REPORT OF THE UNITED STATES

Pursuant to the Court's Order dated March 3, 2004, the Plaintiff, United States of America, hereby submits its Status Report.

A.   OVERVIEW OF THE CASE

1.   This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(7) for the forfeiture of real property which was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

This action is related to United States of America v. 62 Cutler Street, New London, Connecticut, Civil No. 3:03CV1032 (SRU), and United States of America v. 38 Jefferson

Avenue, New London, Connecticut, Civil No. 3:03CV1031 (SRU), which are also pending before the Court.

    2.    The disputed issues in this case are whether the subject property was used to facilitate illegal drug trafficking activities, and whether the record owner, Claimant, Robert A. Venturini, Jr., had knowledge of any illegal activity at the Defendant Property.

    3.    No discovery has been taken to date. The Plaintiff, United State of America, and the incarcerated pro se Claimant, Robert A. Venturini, Jr., had previously entered into an oral agreement to resolve this case and the related case entitled United States v. 62 Cutler Street, New London, Connecticut, Civil No. 3:03CV1032 (SRU). The pro se Claimant has refused to execute Stipulations for Compromise Settlement and is now attempting to make changes the terms of the original agreement which are unacceptable to the United States.

    4.    Since the Claimant in this civil case, Robert A. Venturini, Jr., is incarcerated in a state facility and unrepresented by counsel, the United States is uncertain what the Court can do to facilitate a resolution of this case. Moreover, the Claimant has not taken any steps to appear pro se or otherwise defend this action.

B.    SETTLEMENT

    1.    As mentioned above, undersigned counsel for the Plaintiff, United States of America, and the pro se Claimant, Robert A. Venturini, Jr., had reached a settlement agreement in this case and the related case entitled United States v. 62 Cutler Street, New London, Connecticut, Civil No. 3:03CV1032 (SRU). However, the pro se Claimant has refused to sign

Stipulations for Compromise Settlement prepared by the Plaintiff and is attempting to change the terms of the original agreement.

The original agreement to resolve these related cases was made in conjunction with the state criminal case against Mr. Venturini. On September 5, 2003, Robert A. Venturini, Jr., who was represented by three (3) criminal attorneys in his state criminal case, pleaded guilty in the Superior Court for the Judicial District of New London to possession with intent to sell in violation of C.G.S. § 21a-277a, and sentenced to serve 10 years incarceration and 8 years of special parole. During the plea and sentencing hearing, Mr. Venturini was questioned in detail by the presiding judge about his plea to the state charges and his agreement in related federal civil forfeiture actions. Mr. Venturini confirmed at this hearing his agreement with the United States.

Despite his acknowledgment of the settlement agreement in open court in his state criminal case, Mr. Venturini refused to sign the Stipulations for Compromise Settlement to resolve this case and the related case against 62 Cutler Street. Undersigned counsel spoke with Mr. Venturini on several occasions from his state correctional facility in an attempt to resolve these matters. After several conversations with Mr. Venturini were unsuccessful, undersigned counsel contacted Attorney Mark Solak, who was one of the attorneys who represented Mr. Venturini in his state criminal case, to obtain his assistance in counseling his client. Attorney Solak indicated to me that he met with Mr. Venturini in person at the correctional facility to counsel him as to the terms of his global agreement with the State's Attorney's Office and the related federal forfeiture actions. Attorney Solak indicated that despite his efforts, Mr. Venturini continued to refuse to abide by the terms of the original agreement.

2. There have been no settlement conferences in this case.

3. As stated above, the Claimant, Robert A. Venturini, Jr., is incarcerated in a state facility, unrepresented by counsel, and has failed to formally appear pro se in this case or answer or otherwise defend in this action. These circumstances make it difficult to conduct any type of settlement conference or assignment to special master. See Section C(3) below for what additional discovery or motion practice is necessary to facilitate a resolution of this case.

C. TRIAL PREPARATION

1. In light of the above-described complications, should this case go to trial, it would not be ready for six months to a year.

2. If this matter is not disposed of either by settlement, or by default of the Claimant discussed below, additional time will be needed to go through the civil litigation process, including written interrogatories and requests for production of documents and depositions, as well as the dispositive motion stage. In addition, the United States will need to interview and depose witnesses, many of whom were co-defendants of Mr. Venturini in the state criminal case, in preparation for trial.

3. The Plaintiff, United States of America, is making another attempt to reach out to Mr. Venturini in an effort to resolve this and the related forfeiture action. If after a few weeks Mr. Venturini fails to comply with the terms of the original agreement or otherwise defend, the United States will seek to reinstate the Default against Mr. Venturini that was entered on August 20, 2003 for failure to file a statement of interest or answer or otherwise defend as provided for in Rule C of the Supplemental Rules Certain Admiralty and Maritime Claims. The United States

moved to set aside the default in September, 2003 because of the agreement Mr. Venturini and the United States had reached.  Once the Default is reinstated, the United States will seek a Default Judgment against Claimant, Robert A. Venturini, Jr., and a Motion for Decree of Forfeiture in this case and the related case to forfeit both properties to the United States.

            Respectfully submitted,

            PLAINTIFF
            UNITED STATES OF AMERICA

            KEVIN J. O'CONNOR
            UNITED STATES ATTORNEY

_____        _____
DATE            BY:  JULIE G. TURBERT
            ASSISTANT  U.S. ATTORNEY
            P.O. BOX 1824
            NEW HAVEN, CT  06508
            (203) 821-3700
            FEDERAL BAR # ct23398

CERTIFICATE OF SERVICE

This is to certify that a copy of the within in and foregoing Status Report of the United States has been mailed, postage prepaid, on this 22nd day of March, 2004, to:

Robert Venturini, Jr., pro se
Reg. No. 250620
Osborn Correctional Institution
100 Bilton Road,
POB 100
Somers, CT 06071

Mark Solak, Esq.
Devine & Associates
One Exchange Place, 6th Floor
Waterbury, CT 06702

Gary G. Williams
Assistant Attorney General
P.O. Box 120
Hartford, CT 06141
(Counsel for State of Connecticut)

Brian K. Estep, Esq.
Conway & Londregan, P.C.
38 Huntington Street
New London, CT 06320
(Counsel for City of New London)

Patricia H. Modzelewski, Esq.
Peck & Tuneski, P.C.
10 Pearl Street
P.O. Box 37
New London, CT 06320
(Counsel for the Estate of
E. Barbara Jackson)

Lawrence & Memorial Hospital
Legal Department
365 Montauk Avenue
New London, CT 06320

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR # ct23398